It took the District Court in this case 13 years to issue an amended judgment after this court vacated two of Mr. Lopez-Alvarez's convictions for insufficient evidence in 1992, and it that Michael Malone, a senior hair and fibers examiner at the FBI Crime Lab, had committed egregious errors and given false testimony at his 1988 trial. The question today is whether this tangled history permits Mr. Lopez-Alvarez to file a first section 2255 motion challenging the amended judgment from 2005. Mr. Kim, can I ask you a question you may not get very often? You offered two theories under which you might prevail in this case. One is that this is a first petition and therefore not second or successive, and the other one is if it's second or successive, it's based on new evidence. Does it matter to you if you were to prevail, which one you were to Yes, Your Honor, it does. We would prefer to prevail under the theory that this is a first petition because the standards for a first motion, as this court explained in Goodwin v. Busby, are less restrictive and less stringent than for a second or successive petition. In other words, if the second or successive petition were allowed to be filed, your burden would be higher in the district court than it would if it were a first petition. Yes, Your Honor. This court, in authorizing a second or successive petition or motion, does take sort of a first cut at the issue and sees whether there's a prima facie showing of the requirements for second or successive, but it does matter to Mr. Lopez-Alvarez, and he would prefer to go under the requirements for a first petition. And to return to the district court's ruling here, he seemed to agree that the Supreme Court's decision in Magwood and this court's subsequent decision in Wentzell v. Devin and the following decisions are applicable. However, he distinguished it on the basis that he found that Mr. Lopez-Alvarez had in fact filed a first motion challenging the 2005 judgment. But that is incorrect, and I don't believe the government defends that finding on appeal. There was no section 2255 motion challenging the 2005 judgment filed in district court. Now, it is true that Mr. Lopez-Alvarez filed something that he called an application for which this court construed as an application for authorization to file a second or successive, and it did not permit the filing of a motion challenging the 2005 judgment. So I don't believe the district court's ruling can be affirmed on that basis. The government instead asked this court to accord some sort of preclusive effect to that 2007 denial, and the two doctrines it relies on are collateral estoppel and law of the case. And in the brief, we have raised several reasons why we feel that most of those requirements haven't been met and that multiple exceptions have been shown, but I just want to focus on one that is common to both doctrines here. And one requirement for both collateral estoppel and law of the case is that the issue was actually decided in the prior decision in the 2007 order. And I think if you look at that order, which is at ER 105, it's in volume two, it's a very straightforward, simple denial of authorization for leave to file a second or successive petition. It does not purport to decide the issue that actually later went all the way up to the Supreme Court, resulting in a merits decision, a very complicated decision in that denial order. And there's no reason that this court should have ruled on actually decided that issue at that time. Miss Kim, I went back to try to look at what happened back then. And I couldn't find a government pleading in that case. Am I right in thinking that the court just turned down whatever application your client filed without getting a response from the government? Yes, Your Honor. And that's, I think, a typical process in 2255 prescribes this kind of streamlined process for such applications for authorization. Often there isn't adversarial briefing, there certainly wasn't oral argument here. And that's another reason why the issue was not actually litigated. Well, the government never suggested back then, I take it, because there was no response that this filing, whatever you called it, was a second or successive petition. The court just seems to have assumed that. Is that a fair? Yes, he titled it the Application for Certificate of Appealability, which clearly it could not have because there was no order that he was appealing. And if you look at, I think the key pages are probably ER 86 to 88 and 103. There's kind of just a mishmash of habeas concepts in there. There's references to Certificates of Appealability. There's references to timeliness. There are references that only apply to Section 2254 petitions. There are references that this should be entertained as an original. But as we've argued, that goes to the issue of timeliness. And Mr. Lopez Alvarez had good reason to be concerned about timeliness because his first 1997 motion was denied on the grounds that it was untimely. So in this second attempt with the new judgment, he says, you know, this should be an original free from the one-year. It satisfies the one-year statute of limitations because there's this new judgment that was an impediment to filing that has been removed. All of those statements sound in the issue of timeliness and not in the second or successive. Also, this court in the order at ER 107 said that no petition for rehearing would be denied. And that only applies to applications for authorization for leave to file. In the Castro case, the Supreme Court made clear that you are allowed to file a petition for rehearing or a threshold question of whether it should be regarded as a first petition at all or whether it is recognized as a first petition versus having to go through these gatekeeping criteria. So I think for all those reasons, that issue was not actually decided back in 2007. That plus the intervening change in law that was brought by Magwood and all the cases following, there have been seven published decisions since following Magwood constitute reasons to give a fresh look to this motion and treat it as the first motion challenging the 2005 judgment. I see that I have two minutes remaining and I would reserve it for Roberto unless the court has questions at this time. Very well. We'll hear from the government. Good afternoon, your honors. Tim Seawright on behalf of the government and may it please the court. I do take issue with the idea that this issue was not decided in 2007. I think at ER 87 and ER 88, it's very clearly set forth that he believes that this should be construed as an initial petition disregarding his first motion that was filed in 1999. And he states that several times in there. And then again, there's a document that's filed in conjunction with it that was a motion to, I believe, to recuse the argument. So I think it clearly was raised. I think the issue here, I don't think it was a difficult decision in 2007 when it was denied. I think the issue is that there was not Magwood out there and perhaps from this court's jurisprudence, the Wenzel decision. So what I'm trying to state overall in the larger picture is that what the defendant is trying to do here really is take advantage of a mistake by the trial court. That the trial court waited a period of time before carrying out the mandate of this court on direct appeal. Now the defendant filed his first 2255 motion back in 1997. He was certainly well aware of the decision on appeal. That motion, though, was denied as being untimely, which certainly would have been frustrating to him, I suspect. So then... Well, do you think that Magwood and Wenzel have a mistake exception? That we have to look into the reason for the new judgment? I don't see that in either of those cases. The cases just seem to say when there's an intervening judgment, that's the judgment from which a 2255 motion would be filed. We don't go back and figure out whether the district court goofed in entering the new judgment or whether or not it delayed too long. The Supreme Court just tells us start counting from the new judgment. What's unclear about that? Well, the question then is, does any act after the initial judgment constitute a new judgment that would entitle a defendant to file a new motion? Well, but this is plainly a new judgment. It vacates two counts of conviction, doesn't it? Well, we've had other cases in which a case went back with respect to a change in the guidelines. We've had another case in which a case went back, and these are out-of-circuit cases, which went back with respect to changing a term of the sentence. And in those... But have you had any case where the underlying convictions were changed? Well, when the underlying convictions themselves are changed, then we would not disagree that... Well, but here it was. Two judgment, two counts of conviction were vacated. Yes, but the others remained intact, and the defendant was well aware from back in 1992 what his status was at that point. And he went on to file first one 2255 motion that was untimely. Then he urged the court to enter the amended judgment, dropping those two counts as directed by this court. The court did that, and then he turned right around and filed another 2255 motion. Now, at that time, there wasn't the benefit of Magwood and Wenzel and the other cases, and that was promptly denied. Then, in 2019, he does it again. He again presents that very same argument that was presented in 2006. And... But he doesn't present the same argument. He may present the same procedural notion. He doesn't know in 2006 that your expert is lying on the stand, right? Well, that's correct. What I mean, he presents the same procedural argument on why he can file another motion. Okay, so it would be helpful for me if you could address Ms. Kim's alternative argument, which is that even if this is a second or successive, why in a circumstance like this, where the government candidly admits that somebody who wasn't a minor witness at trial lied, we don't get past the sub-H hurdle? Okay, I want to say two things. First, on the facts, please keep in mind that with regard to the forensic hair testimony, there was absolutely no forensic hair testimony that Mr. Lopez was present at the location where the killing occurred. There was... No, you're right. This is an argument about why it's not material or why it wouldn't change the verdict. But it's just... I'm looking at it from 30,000 feet. You put on a witness at trial who you now, quite candidly, and you ought to be complimented for it, disclosed lied. He still has to meet a high burden to prevail on a second or successive petition, even if it's filed. Why shouldn't he get that opportunity? All right. Well, I guess what I need to address is the question about what is the proper standard, the successive standard versus the initial standard, and why that is so important. The government would say that at least the recent jurisprudence of this court, particularly Brown versus Munoz, which is cited in our brief at 889 F3 661, states that if this court takes on the decision of whether or not this is a successive petition and makes a decision as to whether or not it can proceed as a successive petition, that is an extremely high standard for this court, for the defendant to satisfy. The language says he has an uphill climb straight out of the gate, clear and convincing standard. But he's gotten a little boost on that uphill climb by your candid admission. In most cases, he starts on that uphill climb by having to prove that there was something wrong with the trial. You admit there was something wrong with the trial. You admit that one of the witnesses you proffered lied. So he's somewhat up the hill before we start looking at the merits of this case, aren't we? But then it goes on to say he has to establish at least in this case actual innocence. And as we state in our factual portion of our brief, the overwhelming evidence against this defendant came from the hours and hours of tape recorded and video recorded statements in which he admits to being a bodyguard to one of the traffickers, goes to the location where he says Agent Cameron Ravenna was being held, and then had this incredible richness of detail about what happened in those events. Knowing specific cars that persons were driving, the types of weapons they had, the fact that the traffickers decided to tape record their interrogation of the Agent Cameron Ravenna. The government is not suggesting there was any evidence that this defendant was actually there in the room in this case, because there was no forensic evidence of that. But it was really undisputed that he was a key bodyguard to the major traffickers. It was undisputed that he was down there working with Caro, Quintero, as well as Fonseca. And he did have this incredible richness of detail. So let me let me let me ask you the question. I tried to ask you before in a slightly different way. When we grant the right to file a second or successive petition under sub H, there's still work for the district court to do, is there not? The district court must then consider the petition and determine whether or not prejudice has been shown. So I'm not sure how you allocate those roles in this circumstance. I think that 2255 H is supposed to serve as a keeping function that is exercised in part by this court. But recent case law suggests it's quite a high standard that must be met before it could come back to the district court. I think my time is out, but I would recommend the court to the language of Brown versus Muniz, which I've cited. Thank you, counsel. We will hear rebuttal. Thank you very much. To start with the second or successive question, without Agent Malone's testimony, and here it's not just as in Brown versus Muniz, you know, minor Brady impeachment of certain law enforcement witnesses. This is thoroughly discrediting the government's expert at trial who testified for hours and hours. Agent Malone is the person who placed basically the scene of the crime at Moffay to Vega. If you read the trial transcripts, it's all Moffay to Vega, Moffay to Vega. This is Caro's house. I have a question. Do you agree with the prosecution that you have to show actual innocence to get through this gateway? Your Honor, this court has used that as a shorthand for the standard. The standard as set forth in the statute is to show clear and convincing evidence that no reasonable fact finder would have found the defendant guilty upon learning of this newly discovered evidence. And here the newly discovered evidence means that none of Agent Malone's given the degree of his false testimony and the practices that were uncovered regarding his forensic examination. So all of that places the scene of the crime. Otherwise, you have the fact that he disappeared on this day and that later, one month later, his body was found. The hair evidence in this case was almost like an eyewitness. It placed people in certain rooms by saying it was forcibly removed. It gave a narrative of what happened in certain of those rooms. And every other defendant in this indictment, even defendants who are not convicted of the crimes involving Agent Hamerina, has been given the opportunity to file a secular success petition. This undercover agent, Reynoso, said that he admitted all this, right? And he had said, yes, to some of that extent, I would say it was not in detail. The agent himself said it was not very detailed and also he contradicted himself. He gave many inconsistent statements and that he said, you know, also I wasn't there and that, you know, he did give a not very detailed description and at one point said, yes, I'm guilty in general. And I see that I am over my time. Well, thank you both for your arguments today and we hope we'll see you in person sometime in the next year. But we appreciate you appearing by video and the case just argued will be submitted for decision and will be in recess for the afternoon. Thank you.
judges: Siler, Thomas, Hurwitz